IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREESHONE C. McLEOD, #229466, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>COUNTY OF DOTHAN, et al., )<br>)<br>Defendants. ) | CASE NO. 1:10-CV-414-TMH<br>[WO] |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a complaint filed by Freeshone C. McLeod ["McLeod"], a state inmate and frequent federal litigant, on May 12, 2010. In this complaint, McLeod seeks relief from rape and attempted murder convictions imposed upon him in 2003 by the Circuit Court of Houston County, Alabama. Specifically, McLeod argues the sentences issued by the trial court are improper and alleges the State failed to present sufficient evidence of his guilt.[1]

Upon initiation of this case, McLeod filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a

---

[1] McLeod filed a petition for habeas corpus relief in which he challenged the constitutionality of his rape and attempted murder convictions. *McLeod v. Holt, et al.*, Case No. 1:05-CV-1123-MEF (M.D. Ala. 2007). In this prior habeas action, the court denied McLeod relief from his convictions.

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

The records of this court establish that McLeod, while incarcerated or detained, has on at least three occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The actions on which this court relies in finding a § 1915(g) violation are: (1) *McLeod v. Valeska, et al.*, Case No. 1:03-CV-495-WHA (M.D. Ala. 2003), (2) *McLeod v. Valenza, et al.*, Case No.1:03-CV-16-MHT (M.D. Ala. 2003), and (3) *McLeod v. Valenza*, Case No. 1:02-CV-995-MEF (M.D. Ala. 2003).

In the present cause of action, McLeod challenges the constitutionality of criminal convictions imposed upon him in 2003 by the Circuit Court of Houston County, Alabama. The allegations made the basis of the instant complaint utterly and completely fail to demonstrate that McLeod was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Based on the foregoing, the court concludes that McLeod's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as McLeod failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Freeshone C. McLeod on May 12, 2010 (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before June 15, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of June, 2010.

                                    /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE